United States District Court
Southern District of Texas
**ENTERED**
February 25, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CRIMINAL NUMBER H-10-814-2 |
| v. | § | CIVIL ACTION NO. H-15-3157 |
| | § | |
| CHRISTOPHER PURSER, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Defendant, Christopher Purser, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket Entry No. 376).[1] The United States has filed a Response and Motion for Summary Judgment (Docket Entry No. 384), to which Purser has filed a Traverse in Opposition (Docket Entry No. 388). For the reasons explained below, the government's motion will be granted.

Purser claims that his trial counsel was ineffective in not objecting to the court's breach of the plea agreement and the court's failure to consider the sentencing factors set forth in 18 U.S.C. § 3553(a); and that the court erred in failing to consider the § 3553(a) factors at sentencing. Purser also argues that his

---

[1]All docket entry references are to Criminal No. H-10-814.

trial counsel was ineffective because he failed to seek leave to withdraw Purser's guilty plea because of the government's breach of the plea agreement.

In fact, Purser's trial counsel did argue to the court that the government had breached the plea agreement, and when the court rejected this argument his counsel appealed the court's ruling to the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit affirmed this court's judgment. The court held that although the government initially breached the plea agreement, the breach was cured when the government withdrew its objection that a 6-level increase in Purser's offense level should have been applied under USSG § 2B1.1(b)(2)(C), and acknowledged that under the plea agreement only a 4-level increase under § 2B1.1(b)(2)(B) was appropriate. United States v. Purser, 747 F.3d 284 (5th Cir. 2014), cert. denied, 135 S. Ct. 403 (2015).

In light of the Fifth Circuit's holding and the fact that this court applied the 4-level enhancement instead of the 6-level enhancement, there was no basis for moving to withdraw Purser's plea. Therefore, Purser's counsel was not deficient in failing to move to withdraw Purser's plea, nor has Purser been prejudiced by his counsel's failure to make such a motion. Although Purser submitted an Affidavit with his § 2255 motion stating that "on the date in question I vigorously conveyed to defense counsel, Seth Kretzer, that I wanted to withdraw my plea after the government

breached the plea agreement" (Affidavit of Petitioner, Attachment 2 to § 2255 Motion, Docket Entry No. 376-2), the transcript of Purser's sentencing belies the statement in his Affidavit. When given an opportunity to address the court at sentencing, Purser had no objections to the Presentence Report after the court ruled on the objections filed by his counsel (Transcript of Proceedings - Sentencing, Docket Entry No. 259, p. 4 lines 13-16), and Purser said nothing about withdrawing his plea or asserting his innocence when the court gave him an opportunity to allocute, id. at p. 15 line 25 - p. 16 line 18. At this late date -- and in light of the prejudice to the government and the waste of judicial resources that would result from allowing Purser to withdraw his guilty plea, and absent any reasonable basis for withdrawing his guilty plea -- the court concludes that Purser is not entitled to withdraw his plea. See United States v. Carr, 740 F.2d 339, 343 (5th Cir. 1984).

Purser's arguments concerning the court's failure to consider the § 3553(a) factors are contradicted by the record. Purser's counsel filed Defendant Purser's Motion for Downward Variance Under 18 USC 3553 §§ (a)(1) and (6) (Docket Entry No. 212), to which the government responded (Response to Purser Motion for Downward Variance, Docket Entry No. 215). At Purser's sentencing the court stated that it had read the motion and the government's response and was "persuaded that the facts of his case do not justify a variance. The guidelines adequately address all of the statutory

sentencing factors."  (Transcript of Proceedings - Sentencing, Docket Entry No. 259, p. 15 lines 19-24)  Since the court did consider the § 3553(a) factors, his trial counsel was not deficient in failing to object to the court's failure to consider them, nor was Purser prejudiced.

The court has considered all of Purser's arguments and concludes that none of them have merit.  Accordingly, the government's Motion for Summary Judgment (Docket Entry No. 384) is **GRANTED**.

**SIGNED** at Houston, Texas, on this 25th day of February, 2016.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE